■CARROLL, CHAS., Judge
(concurring specially).
I concur in the order of the court denying the petition for rehearing. The thrust of the petition is a contention that the petitioner-appellee, which was the defendant below, has not been able to argue here the merits of the question the appeal presented as to whether the evidence of negligence of the defendant was sufficient to constitute a jury question.
Petitioner views the first appeal, which resulted in an affirmance by this court without opinion of an order granting defendants motion for new trial (2500 Collins Corp. v. Geller, Fla.App.1958, 104 So.2d 424), as having been limited to the question of the legal effect of the plaintiff’s selection of her husband as her physician and his action as her doctor, as related to proximate causation, and petitioner contends that on the earlier appeal the question of the sufficiency of the evidence with reference to the alleged negligence of the defendant was not involved and argued. Petitioner then takes the position that the opinion of this court on the present appeal indicates the question of the sufficiency of the evidence as to negligence of the defendant was determined by the first appeal and not open to question when substantially the same evidence appeared on the new trial. From that, petitioner suggests it has not had an opportunity to argue the merits of the negligence question as related to the defendant. The position taken by the petitioner is not supported by the record. As was pointed out in this court’s opinion in this case, one of the two points presented in the appellant’s brief was: “Aside from the doctrine of the law of the case, the evidence presented at the second trial was sufficient to submit the issue of defendant’s liability to a jury.” That question was briefed and argued, and was considered and determined by the court adversely to the appellee.